# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:04cv174

| | |
|---|---|
| MELVIN PIEDMONT NURSERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| E. I. DUPONT DE NEMOURS AND ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Reconsideration of this Court's Order Denying Plaintiff's Motion for Stay. A hearing was held in this matter at the request of the parties on April 11, 2005. The parties had requested a conference with the court before the entry of the Pretrial Order and Case Management Plan in this case. At the hearing, the court brought to the parties' attention a pleading that had been filed by the plaintiff in regard to the court's filing of an Order denying plaintiff's Motion for Stay. The pleading was entitled "Motion for Reconsideration and Objection." The court questioned plaintiff's counsel as to whether the pleading was: (1) an objection filed pursuant to 28, United States Code, 636(b)(1)(C); (2) a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend a judgment; (3) a motion pursuant to Rule 60(b)(3), to set aide a judgment; or (4) a motion pursuant to Rule 54(b), for reconsideration of an Order. Plaintiff's counsel advised that his motion was not an objection pursuant to Section 636(b)(1)(3), but could not further clarify to the court the basis for plaintiff's motion. After considering Rules 59, 60, & 54, it would appear that plaintiff's motion for reconsideration is made under Rule 54(b), Federal Rules of Civil Procedure, which provides in relevant part, as follows: "the order or other form of decision is subject to revision at any time before the

1

entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Fed.R.Civ.P. 54(b).

> Rules 59(e) and 60(b) are not, however, proper vehicles for seeking reconsideration of an interlocutory order. Both Rule 59(e) and Rule 60(b) are applicable only to final judgments. In Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462 (4th Cir.1991), the Fourth Circuit held that such a motion may properly be brought under Rule 54(b), which states that an interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. at 1470 (quoting Fed.R.Civ.P. 54(b)).
>   The precise standard which should govern a motion for reconsideration of an interlocutory order is far less clear. In Fayetteville, the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54." Id. at 1472. It is clear that a motion for reconsideration of a interlocutory order is not governed by the precise standard which applies to Rule 60(b) motions. Id. at 1470 (expressing vigorous disagreement "with the district court's adoption of a Rule 60(b) standard."). The Fourth Circuit has, however, suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. Id. (*citing with approval* Gridley v. Cleveland Pneumatic Co., 127 F.R.D. 102 (M.D.Pa.1989)). Consistent with this statement, the Court will be guided by the general principles of Rules 59(e) and 60(b), but does not consider itself bound by those Rules' strictures. See Shrewsbury v. Cyprus Kanawha Corp., 183 F.R.D. 492, 493 (S.D.W.Va.1998).

Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc., 197 F.Supp.2d 298, 331-32 (D.Md. 2000)(footnotes omitted). The court will consider whether there has been an intervening change in law, if there is evidence which was not previously available, or a clear error of law.

Within that framework, disposition of a motion for reconsideration is left to the sound discretion of the court:

> a district court may review an interlocutory order at any time prior to the entry of a final judgment. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472-73 (4th Cir.1991). Unlike motions for reconsideration of final judgments, which fall under the restrictive standards of Rule 60, interlocutory orders and judgments "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires." Id. at 1473 (quoting 7 Moore's Federal Practice, ¶ 60.20 (Matthew Bender 3d ed.)).

Goldstein v. Costco Wholesale Corp., 337 F.Supp.2d 771, 779 (E.D.Va. 2004). In United States v. Duke Energy Corp., 218 F.R.D. 468 (M.D.N.C. 2003), the district court found that

justice would require revision of an interlocutory order where the moving party shows that the court "misapprehended a party's position or the facts or the applicable law" or that a different result is compelled by "new evidence that could not have been obtained through the exercise of due diligence." Id., at 473. As defendant correctly points out, motions to reconsider are disfavored by courts in that they tend to waste limited judicial resources where they are used to supplement an initial motion where the moving party failed to make proper arguments.

Review of plaintiff's request that this court reconsider its Order denying plaintiff's motion to stay this matter in favor of an action pending in Florida reveals that plaintiff has failed to demonstrate error in this court's legal reasoning or in its apprehension of the facts surrounding this litigation. In sum, plaintiff again argues that this action is duplicative of a contempt proceeding pending in Florida and that resolution of that case will probably resolve the issues in this case. The undersigned has, respectfully, earlier rejected this argument and supported its decision by citation to relevant and current authority. Plaintiff's presentation on reconsideration has not shown that this court has "misapprehended . . . the applicable law." Id.

Turning next to the additional facts that plaintiff has supplied, its first burden is to show the court that these are "new facts," which are facts which that the plaintiff "'could not have been brought to [the Court's] attention earlier with reasonable diligence.'" United States v. Cohen, 222 F.R.D. 652 (W.D. Wash. 2004)(citations omitted). The additional materials include the affidavit of plaintiff's counsel (who also appears to have an ownership interest in plaintiff) and an Order entered by the United States Court for the Southern District of Florida. On April 25, 2005, the plaintiff filed a Motion for Leave to Supplement Filing, which contained as exhibits #4 "DuPont Memorandum on 'Litigation Immunity'" and #5

"Summary Judgment (File #98CA 2871, Alachua County, Florida)." Other documents presented were (1) a Motion for Sanctions in case file 92-20006(CA-23) in the 11th Judicial Circuit of Florida, which has a marking stamp entitled "Filed Under Seal"; (2) an opinion letter dated October 3, 2003, to the Florida bar, which contains language that the letter may not be "published, communicated, or disseminated, to any other party"; and (3) and Answer filed by defendant in file 2001-CVS-549 in Macon County, North Carolina, Superior Court. The plaintiff has attempted to file these documents under seal, but has not submitted the documents to this court under Local Rule 5.1(D). The documents have been considered, but will be returned to counsel for plaintiff as further Ordered herein. None of the materials submitted by plaintiff are "newly discovered matters" and do not provide a proper basis for reconsideration. Carteret Savings Bank, P.A. v. Compton, Luther & Sons, Inc., 899 F.2d 340, 344 (4th Cir. 1990).

Even if the court were to consider the substance of these additional materials, plaintiff has failed to show the court how they impact the analysis under the Colorado River doctrine. Under that doctrine, a federal court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances, and only the clearest of justifications will warrant a stay or dismissal. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); New Beckley Mining Corp. v. International Union, UMWA, 946 F.2d 1072 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3687 (U.S. 1992).

Having carefully considered each page of material submitted by plaintiff, it appears that plaintiff is arguing that a stay should be granted here because a state court is considering the plaintiffs' non-party contempt motion in Florida against this same defendant. Review of the federal court Order remanding the contempt motion to state court reveals that such remand was based on such motion not being a removable *original pleading* against defendant

4

for fraudulent inducement, but instead a motion in the cause for contempt. Based on a close review of all the documents submitted by plaintiff, it appears the action now pending before this court possibly contains plaintiff's claim for fraudulent inducement (the one the federal court in Florida found was missing in its action) as well as other claims that are either federal or supplemental. A civil contempt proceeding in a state court and an action for fraudulent inducement in federal court are not parallel proceedings. It is conceivable that plaintiff would be satisfied with a remedy he would receive in the Florida forum and then fold his tent and go home in this federal forum. Such a result is not required in that neither action is dependent on the other for resolution. Civil contempt and fraudulent inducement can draw sustenance from the same pool of facts without intertwining their fate.

In the end, a decision to abstain on grounds of wise judicial administration requires careful balancing of the following factors: inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which concurrent forums obtained jurisdiction. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). Plaintiff has submitted additional facts, but has failed to explain what impact they have under the Colorado River doctrine analysis. This court has an affirmative duty to prevent actions on its docket from becoming stale, and the court has been cited by plaintiff to no authority or rationale that would justify further delay.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that all materials attached to the plaintiff's pleading captioned "Notice of Filing (Under Seal)," filed April 15, 2005, are **STRICKEN** from the record and **RETURNED** to counsel fo plaintiff. Plaintiff is **GRANTED** leave to resubmit such documents in accordance with Local Rule 5.1(D) upon a showing of leave or other permission afforded by the Florida court or Florida Bar, respectively.

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge