# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:04cv174

| | |
|---|---|
| MELVIN PIEDMONT NURSERY, | ) |
| Plaintiff, | ) |
| Vs. | ) SECOND MEMORANDUM AND RECOMMENDATION |
| E. I. DUPONT DE NEMOURS AND COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Relief from judgment. On September 22, 2009, the district court directed that the undersigned consider such motion and the response and submit in accordance with 28, United States Code, Section 636(c), a recommendation as to the disposition of such motion. Having carefully considered such motion and the response, totaling some 144 pages, the court enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

**I.    Background**

A final judgment was entered in this action on November 7, 2005, by Honorable Lacy H. Thornburg, United States District Judge, now retired. No appeal was taken from such judgment.

On July 13, 2009, plaintiff through counsel filed its Motion for Relief from judgement filed under Rule 60, Federal Rules of Civil Procedure. Such motion was filed three-and-a-half years after judgment was rendered.

1

This action concerned plaintiff's alleged use of Benlate 50 DF, a product of defendant, on nursery plants allegedly grown by plaintiff at a nursery in Florida. Plaintiff contended that such product damaged its plants, and alleged state and federal claims based on its purported losses. See Compl., at ¶¶ 18-26. Pleading in the alternative, plaintiff also contended that it previously settled these claims with defendant, but that defendant supposedly conspired with plaintiff's attorneys in Florida in such negotiations in an effort to prejudice the plaintiff's claims. Compl., at ¶¶ 1-17. The foundation of the Complaint was that plaintiff was a partnership engaged in the nursery business, with plaintiff alleging:

(1) that plaintiff was, in fact, a "partnership" comprised of four siblings - Richard Melvin,[1] William K. Melvin, Pauline Melvin Stevenson and Paul Melvin - which operated a nursery business located in Apopka, Florida during the 1980's; Compl., at ¶ ¶ 1 & 23; Depo. of Richard Melvin, at 11:3 - 19:19, App. I, 1; or

(2) that this "partnership" settled a Benlate 50 DF product liability claim with DuPont in 1996. Compl., at 3-9; App. I, 1 at 74:5-7.

The undersigned determined and the district court later agreed in its Memorandum of Opinion that in order to make either determination, this court would have to make findings that are contrary to previous and final holdings of the courts of North Carolina and South Carolina, as well as make a finding that Richard Melvin, a member of the Bar of this court, made material misrepresentations before such tribunals and federal and state agencies. Inasmuch as plaintiff was precluded under judicial estoppel and *quasi* estoppel doctrines from making either of these two factual assertions, the district court rendered judgment against plaintiff.

---

[1] Richard Melvin counsel for plaintiff in this matter.

In seeking to vacate Judge Thornburg's Judgment, plaintiff herein argues that the "Recommendations of the Magistrate were flawed," which is nearly identical to the argument made by plaintiff in their "brief on Objections to Recommendations of Magistrate," dated August 4, 2005, which Judge Thornburg previously considered and rejected.

In filing the instant Rule 60 motion, plaintiff has provided no explanation as to why it waited for more than three years to file such motion. Review of the pleading provides absolutely no *indicia* that new and material evidence has been uncovered.

## II. Applicable Standard: Rule 60(b)

Rule 60(b), Federal Rules of Civil Procedure, provides an appropriate method for a party seeking relief from a final judgment that in retrospect may be unjust. While not so limited, a typical Rule 60 motion is usually based on the discovery of new evidence. In relevant part, Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>    (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6)   any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Rule 60(b), however, provides extraordinary relief and may only be invoked under "exceptional circumstances," Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1982), is not a substitute for a direct appeal, United States v. Johnson, 934 F.Supp. 383, 386 (D. Kansas 1996), and is not a mechanism for reconsideration issues previously addressed or to consider arguments or evidence that were available for presentation at the time of the earlier judgment. Id.

Further, Rule 60(c) provides that a ' motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Because more than a year has passed, plaintiff is limited to moving for relief from judgment based only on the grounds that:

>    (4)   the judgment is void;
>
>    (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6)   any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(4)(5)&(6). No showing under subsections four or five has been made, making subsection six the only available ground for review. Review of the motion does not, for the reasons that follow, provide any reason that would justify the extraordinary relief sought.

## III. Discussion

First, plaintiff fails to reference under which of the six subsections of Rule 60(b) it has made its motion. Rather, such motion appears to be a repackaging of plaintiff's August 4, 2005, "Brief on Objections to Recommendations of Magistrate," which the district court clearly considered and rejected. See Memorandum of Opinion, Docket Entry #46.

Second, reading the motion in a light most favorable to plaintiff, it appears that it is arguing that the district court misapplied the judicial estoppel and *quasi*-estoppel doctrines to the facts of this case. In essence, plaintiff appears to be arguing that the district court made an incorrect legal decision. In McKnight v. U.S. Steel Corp., 726 F.2d 333, 338 (7th Cir. 1984), the Court of Appeals for the Seventh Circuit held that

> [p]laintiff may not, however, use Rule 60(b) to correct alleged errors of law by the district court which may have been raised by filing a timely appeal from the court's dismissal of plaintiff's complaint.

Id., at 337 (citation omitted). Similarly, the Court of Appeals for the Fourth Circuit held in Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46 (4th Cir. 1993), that

> [i]t is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. *See Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). Therefore, before a party may seek relief under Rule 60(b), a party first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.1984). After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b). 731 F.2d at 207.

Id., at 48. As the United States Supreme Court has long held, "[b]y no stretch of

5

imagination can the voluntary, deliberate, free, untrammeled choice of petitioner not to appeal" be an appropriate basis for a Rule 60(b) motion. Ackermann v. United States, 340 U.S. 193, 200 (1950). In this case, no appeal was filed, plaintiff was at all times represented by counsel, and it appears from a review of the record that counsel also claimed to be one of the partners comprising the plaintiff. Thus, it cannot even be argued in this case that counsel failed to advise plaintiff of its right to appeal.

It appearing from the face of the pleading that this motion is time barred and is otherwise non-justiciable under current and well settled case law, the undersigned must respectfully recommend that plaintiff's Motion for Relief be denied.

### RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that plaintiff's Motion fo Relief (#48) be **DENIED.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: September 30, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge